UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOWE,<br><br>   Petitioner,<br><br>v.<br><br>DOUGLAS COUNTY and TUOLUMNE COUNTY,<br><br>   Respondents. | Case No. 1:18-cv-01225-JDP (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR HABEAS CORPUS AT SCREENING<br><br>ECF No. 1<br><br>OBJECTIONS DUE IN 14 DAYS |

  Petitioner Richard Lowe, a former detainee at the Tuolumne County Jail, is proceeding pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Petitioner was detained at the jail for violating certain terms of his probation, namely for (1) possessing marijuana and (2) being a fugitive of justice. *See id.* at 2. He does not challenge the charge of possessing marijuana; he challenges only the charge of being a fugitive. According to petitioner, he moved to California from Oregon after following appropriate procedures under the terms of his probation, but various government actors' confusion and a bureaucratic morass led to the issuance of a warrant for his arrest. *See id.* at 3-4; ECF No. 6 at 1-7. He has not pursued any relief in state court before filing the federal habeas petition before us. He also filed the petition about two months before his projected release, and it appears that he has since been released from custody. *See* ECF No. 1 at 2; ECF No. 8. The matter is before the court for screening under Rule

4 of the Rules Governing Section 2254 Cases. We recommend that the court dismiss the case.

I.  **Screening**

Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss screen petitions that are patently frivolous, vague, conclusory, palpably incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Unlike a complaint in other civil cases, a Section 2254 petition must adhere to a proscribed form appended to Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d). The appended form prompts a habeas petitioner to provide answers pertaining to various procedural matters, such as procedural default and exhaustion, and the court may dismiss claims at screening for procedural defects. *See Boyd*, 147 F.3d at 1128.

Here, the petition presents at least three problems. First, we lack jurisdiction over this case. Even if petitioner were to succeed on showing that he has not been a fugitive, he still has a charge against him for possessing marijuana while on probation. *See* ECF No. 1 at 2. Petitioner also concedes that he is not challenging his conviction and alleges that he is challenging the conditions of his confinement. *See id*. at 2, 5. Because a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," we cannot grant him habeas relief. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).[1]

---

[1] It also appears to us that petitioner has been released from custody; release from custody can render a habeas petition moot. *See Abbott v. Fed. Bureau of Prisons*, 771 F.3d 512, 513 (9th Cir. 2014); *Brown v. Copenhaver,* 715 F. App'x 664, 665 (9th Cir. 2018) (concluding that petitioner's release from custody mooted the case). If the allegedly-mistaken arrest warrant ultimately led to some collateral consequences such as lengthier probation, a habeas claim might be supported, but we cannot tell whether (1) petitioner faces such collateral consequences or (2) the issues with the alleged mistake have already been resolved at the county jail.

Second, it appears that petitioner has not sought any remedy in state court. ECF No. 1 at 5. This amounts to failure to exhaust. *See* 28 U.S.C. § 2254(b)(1)(A); *Murray v. Schriro*, 882 F.3d 778, 807 (9th Cir. 2018). If, unbeknownst to us, petitioner is currently pursuing relief in state court, the existence of a parallel proceeding would warrant our abstaining from considering this case to allow state courts the first opportunity to address petitioner's claims. *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Either way, petitioner must attempt to present his claims in state court before seeking federal habeas relief from this court.

Third, petitioner fails to state a cognizable claim. Petitioner alleges that various mistakes by government employees led to a mistaken arrest warrant. *See* ECF No. 1 at 3-4; ECF No. 6 at 1-7. We have found no precedent in which any court has concluded that facts such as those presented here could state a federal habeas claim. Given the defects identified above, petitioner cannot proceed beyond screening. We recommend that the court deny the petition.

## II. Motion for Ruling

Petitioner has filed a motion for a ruling on his habeas petition. ECF No. 7. We strive for speedy resolution in all cases, and in this case, we considered the petition promptly after its filing. But our heavy caseload has resulted in some delay in dismissal of several cases, such as this one, that cannot withstand screening. Because we will recommend that the court dismiss this case at screening, we will deny petitioner's motion for a ruling as moot.

## III. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the petitioner to show that "jurists of reason could disagree with the district

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The petitioner must show "something more than the absence of frivolity or the existence of mere good faith." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not disagree that the petition here is an unauthorized successive petition and that it should not proceed further. Thus, the court should decline to issue a certificate of appealability.

**IV.     Order**

1. The clerk of court is directed to assign this case to a U.S. District Judge, who will review the following findings and recommendations.
2. Petitioner's motion for a ruling, ECF No. 7, is denied.

**V.      Findings and Recommendations**

We recommend that the court dismiss the petition for a writ of habeas corpus, ECF No. 1, for lack of jurisdiction and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    July 31, 2019

UNITED STATES MAGISTRATE JUDGE

4